IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES-THOMAS: MICHAELS-JR, | ) |
| Plaintiff | ) ) |
| v. | ) Civil No. 25-1092 |
| CHUCK WASHBURN, et al., | ) ) |
| Defendants. | ) ) |

**Memorandum Opinion and Order**

Plaintiff commenced this pro se action by filing a motion to proceed *in forma pauperis* and attaching a Complaint for Violation of Civil Rights pursuant to 42 U.S.C. § 1983. Plaintiff sues ten individuals, First Assistant District Attorney for Westmoreland County Chuck Washburn; Assistant District Attorney for Westmoreland County James Thomas Lazar; Timothy C. Andrews, a court appointed criminal defense attorney in Greensburg, Pennsylvania; Sargent Jeffrey W. Janeiga; Magisterial District Judge Denise Lynn Snyder Theil; Judge of the Court of Common Pleas of Westmorland County Meagan Bilik-DeFazio; Dale DeLozier, Agent for Norfolk Southern; Shawn Miller, Agent for Norfolk Southern: Mathew Lidwell, Conductor for Norfolk Southern; and Ross Lee, Engineer for Norfolk Southern. The motion to proceed *in forma pauperis* will be granted and the Clerk will be directed to file the Complaint. Upon review of Plaintiff's Complaint, the Court will, sua sponte, dismiss the Complaint in accordance with 28 U.S.C. § 1915(e), with leave to amend.

I.   **Motion to Proceed in Forma Pauperis**

The Court must determine whether a litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Upon review of Plaintiff's Motion and his affidavit in support, the Court finds the Plaintiff is without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed *in forma pauperis*.

## II. Discussion

Federal courts are required to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss any action that is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A review of the Complaint demonstrates that Plaintiff has failed to state any claim upon which relief can be granted.

### A. The Complaint[1]

Plaintiff sues six state and local individuals, and four non-state actors, in both their individual and official capacities, alleging that said Defendants violated his rights under 42 U.S.C. § 1983. Compl. ECF No. 1-2, at 3, § II.A. The Form Complaint asks the litigant to identify "what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?" Plaintiff states that he was denied his rights under the Sixth Amendment to the United States Constitution, and that there was an improper investigation. *Id.* at § II.B. The Basis of Jurisdiction section includes a final question, asking the § 1983 complainant to "explain how each defendant acted under color of state law or local law." *Id.* §II.D. Plaintiff did not provide a response.

Section III of the Form Complaint asks a litigant to provide a statement of his claims, which consists of answering question such as, where the events occurred, when the events

---

[1] Plaintiff's Complaint was prepared using the United States Court's Form "Pro Se Complaint for Civil Rights (Non-prisoners)," which guides a litigant through the process of filling out a complaint to be filed in federal court. The specific Complaint Form used by Plaintiff is titled, "COMPLAINT FOR VIOLATION OF CIVIL RIGHTS." ECF No. 1-2, at 1. The Form Complaint provides space for a litigant to include information in support of the key components of a federal civil rights complaint. For example, after the caption/title page, the Form provides separate sections for: the litigant to identify the parties to the complaint (§ I); to state the basis for jurisdiction (§ II); to provide a "Statement of a Claim" (§III), by specifically including "where" the events took place (§ III.A), "when" the events occurred (§ III.B), and "what facts" underly the claim (§ III.C); to state their injuries (§ IV), and to state the Relief requested (§ V).

occurred, and the facts underlying the claims. Plaintiff alleges that his claims arise out of events occurring at 1204 10th & Ford Street in Seward, Pennsylvania on May 9, 2023. Compl. at 5. Under section III.C., the "facts underlying the claim," ask precisely, "What happened to you? Who did what? Was anyone else involved? Who else saw what happened?" Plaintiff does not provide any description of the facts underlying any claim. Instead, Plaintiff refers to "Affidavit(s) filed into the court record,"[2] which appear to refer to Plaintiff's attached 74-page Exhibit.

Plaintiff's responses to sections IV (Injuries) and V (Relief) are similarly unconnected to the underlying factual events and unconnected to any claim. In setting forth his injuries, Plaintiff may also be including claims he potentially wishes to raise against the defendants. For example, in the injury section he includes, "violation of due process," "identity theft," and "restraint of trade," as injuries he has suffered. No further explanation of said injuries/claims is provided anywhere in the Complaint. In his request for Relief, Plaintiff refers the Court to "Page 16" of his 74-page Exhibit, which he avers was also "filed into the court record." Compl. §V. Page 16 of the Exhibit, however, is an apparent state court criminal pleading, filed pro se by Plaintiff, that appears to have no connection to this federal civil rights action.

Overall, Plaintiff has provided the identity of the Defendants and the date and location of the unnamed relevant events, but Plaintiff does not include any factual averments to explain to the Defendants, or the Court, who did what to whom. Nor does the Complaint state identifiable claims to be asserted against each Defendant. Plaintiff's 74-page Affidavit consists almost entirely of pleadings drafted by Plaintiff, and filed by Plaintiff pro se, in his criminal cases

---

[2] Plaintiff apparently includes an explanatory paragraph summarizing the Affidavit exhibit; however, the explanatory paragraph does not state any claim for relief.

currently being litigated in the Court of Common Pleas of Westmoreland County.[3] With one exception, the attached documents do not provide any coherent description of the underlying facts of Plaintiff's section 1983 claims, or of any other claim. Similarly, the attached exhibits fail to describe the relief Plaintiff requests from this Court, in this civil rights action.

The burden of stating a claim upon which relief can be granted, as well as providing sufficient underlying facts to support said claims, is on the Plaintiff. The attached Exhibits appear to be, at least presently, irrelevant to Plaintiff's section 1983 action. In any event, it is incumbent upon the Plaintiff to specifically include the relevant information to support his claims within the body of his Complaint itself. It is not the Court's burden to scour the 74-page Exhibit to search for information relevant to Plaintiffs Complaint. That a plaintiff's allegations and supporting facts must be set forth within the complaint itself, while exhibits need not be included at all, is reinforced on the Form Complaint itself, which states on the first page that, "plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this Complaint." ECF No. 1-2, at 1.

### B. Underlying State Court Criminal Dockets

Plaintiff's 74-page Exhibit includes a one-page Affidavit of Probable Cause that is connected to the present federal civil rights action. That document refers to Plaintiff's underlying state court criminal case filed against Plaintiff in the Westmoreland Court of Common Pleas that appears to be the basis for the present federal lawsuit. *See* ECF No. 1-3, at 49.[4] The Affidavit of

---

[3] The Court notes that one of the documents Plaintiff filed in his state criminal cases is a purported, "Notice of Removal Jurisdiction to Federal Court." ECF No. 1-3, at 5. The Removal Notice is dated July 14, 2025. Neither case was removed to federal court because it is not legally possible for a criminal defendant to remove his state criminal proceeding to federal court.

[4] In evaluating the Complaint, the Court may consider the Magisterial District Court Docket at MJ-10309-CR-0000067-2023 and the Westmoreland County Court of Common Pleas Docket at CP-65-CR-0002639-2023, because such documents are a matter of public record and because they are documents "integral to" Plaintiff's complaint.

Probable Cause, drafted by Defendant Jeffrey W. Janciga, arose because, on May 11, 2023, two members of the Norfolk Southern Police informed the St. Clair Township Police Department, that alleged criminal activity committed by Plaintiff and directed against Norfolk Southern employees occurred on May 9, 2023. *Id.* The two Norfolk Southern Police officers are Defendants, Supervisory Special Agent Dale DeLozier and Special Agent Shawn Miller. *Id.* In the Affidavit of Probable Cause, Defendant Janciga states that Special Agent DeLozier informed him that, on May 9, 2023, at 11:00 pm, a Norfolk Southern train was making a delivery to the Warren Oil Properly, located in Seward, Pennsylvania. *Id.* The two operators of the train were Defendant Engineer Ross Lee and Defendant Conductor Matthew Lidwell. *Id.* The Affidavit reports that an individual, who turned out to be Plaintiff, approached the railway employees and stood in front of the train. *Id.* Plaintiff told Lidwell that he would be shot if the railroad continued to drop off deliveries. *Id.* Plaintiff told Lidwell, that his neighbor had previously had crosshairs on the employees and was going to shoot them. *Id.* The Affidavit of Probable Cause was authorized by Defendant Judge Denise Snyder Thiel. *Id.*

    Plaintiff was reportedly arrested on May 25, 2023. The case began in Magisterial District Court 10-3-09, and Plaintiff was charged with two Counts of Terroristic Threats with Intent to Terrorize Another (M1), in violation of 18 Pa. Cons. Stat. § 2706(a)(1), and one Count of Disrupt, delay prevent operation of train of facility (M3), in violation of 18 Pa. Cons. Stat. § 3504(a)(1)(i). Docket Number MJ-10309-CR-0000067-2023. On August 7, 2023, the case was transferred by Defendant District Judge Denise Lynn Snyder Thiel to the Westmoreland County Court of Common Pleas. Docket No. CP-65-CR-0002639-2023. Defendant Court of Common

---

*Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274, 279 (3d Cir. 2018), *In re Asbestos Prods. Liab.Litig. (No. VI)*, 822 F.3d 125, 133 n. 7 (3d Cir. 2016).

Pleas Judge Meagan Bilik-DeFazio is the assigned Judge on the case. The prosecutor is Defendant Assistant District Attorney James Thomas Lazar. Plaintiff was provided with court-appointed defense counsel, Defendant Timothy C. Andrews. The case states a trial date for December 8, 2025; however, the docket indicates that the trial date has been cancelled.

### C. Claims

The above information, from public sources, appears to form the basic underlying facts for Plaintiff's present federal civil rights action; however, Plaintiff has only included in his Complaint, the date, time, and place of the event. Even with this additional factual information from public sources, Plaintiff's Complaint itself fails to state a claim upon which relief can be granted. All that is alleged in the Complaint is the bare claim that Plaintiff's civil rights were violated, that his due process rights were violated, and perhaps a state law claim for identify theft and/or restraint of trade. There are no facts alleged to support any of these claims. There are no allegations as to the allegedly wrongful conduct engaged in by each Defendant. The fact that Plaintiff was arrested, without more, cannot form the basis of a section 1983 action. Likewise, there are no facts appearing in the state court criminal process that would support any cause of action against any Defendant. Thus, the Complaint will be dismissed for failure to state a claim upon which relief can be granted.

### D. Parties

In addition to dismissing all apparent claims, the Defendants in this matter are also subject to dismissal.

#### 1. Norfolk Southern Defendants

The Norfolk Southern Defendants will be dismissed, as Plaintiff cannot state a claim against any of the four Defendants based upon their actions as reported in the state court criminal

cases. The two Norfolk Southern Police officers merely reported an event that occurred two days earlier, and which was aimed towards the two other Norfolk Southern Defendants. The alleged conduct of the two Norfolk Southern train operators also fails to support any claim. Moreover, the Complaint does not include any allegations to establish that the Norfolk Southern Defendants were acting under color of state law at the relevant times, which is required to maintain a § 1983 civil rights claim. Said Defendants will be dismissed.

### 2. Judicial Defendants

The judicial Defendants will also be dismissed. There are no factual allegations in the Complaint asserted against either of the Judicial Defendants, much less allegations explaining what actions the judicial defendants allegedly took that violated the Constitution or state law. As this point, there are no facts supporting a federal civil rights claim, or any other claim, against the Judicial Defendants. The Judicial Defendants are also protected from suit by judicial immunity for any acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Any claim to be asserted against the Judicial Defendants, under the present allegations, would relate to their respective roles as a Judge in connection with the criminal charges against Plaintiff stemming from his May 25, 2025 arrest. Plaintiff has not set forth any facts suggesting that either Judge acted in the absence of jurisdiction. Accordingly, the Judicial Defendants are also entitled to absolute immunity from Plaintiff's claims, as currently asserted. The Judicial Defendants will be dismissed.

### 3. Public Employee Defendants

The remaining four Defendants are public employees: First Assistant District Attorney Chuck Washburn, Assistant District Attorney James Thomas Lazar, St. Clair Township Police

7

Sergeant Jeffrey W. Janeiga, and court appointed criminal defense attorney Timothy C. Andrews. There are no specific allegations against any of said Defendants that would support any claim. As such, they will be dismissed.

### III.     Conclusion

Plaintiff's Complaint does not "present[] cognizable legal claims to which a defendant can respond on the merits." *Garrett v. Wexford Health*, 938 F.3d 69, 93-94 (3d Cir. 2019). There are no factual allegations to support a claim upon which relief can be granted and there are no causes of actions asserted against any named Defendant. Accordingly, all claims and all Defendants will be dismissed from this action.

Accordingly, the following Order is entered.

### ORDER

And now, this 21st day of November 2025, it is hereby ORDERED that Plaintiff's Motion to Proceed *in forma pauperis*, ECF No. 1, is GRANTED.

The Clerk is directed to file the Complaint, ECF No. 1-2, as the Complaint of record in this action.

Upon review of Plaintiff's Complaint, the Court, *sua sponte*, in accordance with 28 U.S.C. § 1915(e), finds that Plaintiff cannot support any claim against any of the Defendants.

All purported claims are dismissed for failure to state a claim upon which relief can be granted. As no facts have been asserted against any Defendant, all Defendants are dismissed. Leave to amend the Complaint is permitted.

IT IS HEREBY ORDERED that Plaintiff's Complaint is dismissed.

Plaintiff is permitted leave to amend his Complaint. Any amended complaint is due by December 30, 2025. If no amended complaint is filed by December 30, 2025, this case shall be dismissed, and the case will be closed without further notice.

          s/*Marilyn J. Horan*
          Marilyn J. Horan
          United States District Court Judge

James Thomas Michaels, Jr.
PO Box 199
Seward, PA 15954